IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VON DICKERHOOF<br>12377 GEORGETOWN RD. N.E.<br>PARIS, OHIO 44669 | Case No.:<br><br>Judge: |
| and | |
| DARRELL MILHOAN<br>3514 CHAGRIN AVE. S.W.<br>CANTON, OHIO 44706 | COMPLAINT:  CLASS ACTION;<br>W.A.R.N. ACT, 29 U.S.C. SECTION<br>2101 et seq.; ERISA ENFORCEMENT ACTIONS;<br>ERISA BREACH OF FIDUCIARY DUTY<br>PIERCING THE CORPORATE VEIL |
| and | |
| PAUL SHAWK<br>8156 E. WADORA<br>NORTH CANTON, OHIO 44720 | **JURY DEMAND ENDORSED HEREON** |
| and | |
| LARRY HUTHMACHER<br>1536 EDMAR ST.<br>LOUISVILLE, OHIO 44641 | |
| and | |
| RICHARD JENKINS<br>2710 16TH ST. NW<br>CANTON, OHIO 44708 | |

Plaintiffs

vs.

SEIPLE LITHOGRAPH CO.
c/o Statutory Agent John F. Schumacher
4390 Mt. Pleasant Rd. N.W.
North Canton, Ohio 44720

and

1

**ROBERT SCHUMACHER**
c/o Seiple Lithograph Co.
4390 Mt. Pleasant Rd. N.W.
North Canton, Ohio 44720

and

**MARK SCHUMACHER**
c/o Seiple Lithograph Co.
4390 Mt. Pleasant Rd. N.W.
North Canton, Ohio 44720

      Defendants

Now come the above listed Plaintiffs, Von Dickerhoof, Darrell Milhoan, Paul Shawk, Larry Huthmacher and Richard Jenkins (hereinafter collectively referred to as "Employees"), and for their causes of action against the Defendant Seiple Lithograph Co. (hereinafter referred to as "Seiple") hereby state as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Employees are all citizens of the State of Ohio, residing in Northeastern, Ohio.

2.     Defendant Seiple is a corporation incorporated in the State of Ohio with its principal places of business located in Stark County, Ohio.

3.     This action is brought in part, pursuant to the federal Worker Adjustment and Retraining Notification Act (hereinafter "WARN Act"), 29 U.S.C. Section 2101, et seq.

4.     This Court has exclusive subject matter jurisdiction over the Plaintiffs' WARN Act claims pursuant to 29 U.S.C. Section 2104(a)(5) and 28 U.S.C. Section 1331.

5.     This Court has exclusive subject matter jurisdiction over the Plaintiffs' ERISA Enforcement Action pursuant to 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

## CLASS ACTION ALLEGATIONS

6.  Plaintiffs reallege and reaffirm paragraphs 1 through 5 of their Complaint as though fully restated and reincorporated herein.

7.  This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(3).

8.  Each of the Plaintiff Employees was employed by Defendant and receiving health benefits under the Defendant's Group Health Plan.

9.  The first alleged class includes those employees entitled to notice of the plant closing or mass layoff as required under the WARN Act, 29 U.S.C. Section 2101 et seq. ("WARN Act class").

10. The second alleged class includes those employees and retirees receiving health benefits pursuant to the Defendant's Group Health Plan. ("ERISA class").

11. The WARN act class contains common issues of law and fact including whether the Defendant is an "employer" under the Act, whether a mass layoff or plant closing took place and whether the Defendant gave proper notice as required by the statute.

12. The ERISA class contains common issues of law and fact including whether the Defendant wrongfully refused to pay class members benefits pursuant to the Defendant's Group Health Plan, converted employee premiums, and wrongfully terminated the plan for retirees who were promised benefits to the age of 65.

13. Common issues of law and fact predominate over the issues affecting individual members, which would include calculating the damages and benefits due to each Plaintiff.

14. Due to the common issues of law and fact, a class action is more efficient than requiring individual class members to establish Defendant's liability.

15. The members of the class can easily be identified through the use of company payroll records.

16. Class action is a more efficient and effective method of consolidating these common claims.

Tzangas Plakas Mannos & Raies ♦ Attorneys and Counselors at Law ♦ Canton and Akron, Ohio

## BACKGROUND AND FACTS

17. Plaintiffs reallege and reaffirm paragraphs 1 through 16 of their Complaint as though fully restated and reincorporated herein.

18. In approximately the summer of 2001, Defendants Mark and Cy Schumacher took over the management of the business.

19. Even though the company was claiming declining profits and higher costs, the Defendants took expensive vacations, bought new cars and utilized the company jet to further their own personal lifestyles. Corporate resources and monies were co-mingled with personal expenditures to the detriment of the company.

20. Upon information and belief, Defendants Mark and Cy Schumacher used company employees and company funds for hotel, rental truck and air travel expenses to move their personal belongings between new York, Ohio and Florida.

21. Defendants Mark and Cy Schumacher used company funds to pay for the long-term care expenses of their grandmother, Jeanne Seiple.

22. Defendants Mark and Cy Schumacher used the company jet for personal vacations such as shopping trips to New York.

23. Defendants Mark and Cy Schumacher used company funds to pay personal bills to make repairs to their personal residences.

24. Defendants Mark and Cy Schumacher ordered employees to complete electrical work at their personal residences.

25. Defendants Mark and Cy Schumacher used company funds to pay repair workers to complete work at their personal residences, such as fixing a hot tub and installing new lights.

Tzangas Plakas Mannos & Raies ♦ Canton and Akron, Ohio
Attorneys and Counselors at Law

26. Defendants Mark and Cy Schumacher used company funds to pay for their uncle's gas card and to pay for repairs to their own personal vehicles.

27. Defendants Mark and Cy Schumacher wrongfully confiscated thousands of dollars of petty cash belonging to the company.

28. In late October of 2005, Seiple employees were given a retroactive pay cut for the pay period of October 27 to November 9, 2005. Some employees lost up to one third of their hourly wages. No notification of this pay cut was given by the company. The pay cut appeared in the payroll checks for that pay period.

29. On August 3, 2006, without previous notification, the company announced that it was closing its doors. The employees were notified by the Jackson Township Police Department when they attempted to enter the building for work that day.

30. Employees were handed a letter stating that their health insurance benefits would be terminated as of August 11, 2006 even though employees had paid premiums for coverage through the end of August 2006.

31. The employees were denied their accrued vacation pay and other company benefits.

32. While the employees were denied these essential items, certain Seiple employees were continuing to work in the plant to finish pending work so that the company could continue to generate revenue for the benefit of Defendants Robert and Mark Schumacher.

## COUNT ONE-VIOLATION OF WARN ACTION

33. Plaintiffs reallege and reaffirm paragraphs 1 through 32 of their Complaint as though fully restated and reincorporated herein.

34. At all times relevant herein, Defendant Seiple was an employer of 100 or more employees pursuant to 29 U.S.C. Section 2101(a)(1).

35. On or about August 3, 2006 Defendant Seiple, through its management, and without any prior notice, written or oral, locked the doors to its plant and prohibited employees from coming into the plant and providing employment services to Defendant.

36. At no time did Defendant Seiple provide the written 60 day notice of a plant closing to each of the Plaintiff Employees as required by 29 U.S.C. Section 2102(a)(1).

37. As a direct and proximate result of the termination, the Plaintiff Employees have all suffered damages including, but not limited to sixty days back pay, loss of benefits, attorney fees incurred in this action, costs of this action, and interest.

## COUNT TWO- ERISA ENFORCEMENT ACTION

38. Plaintiffs reallege and reaffirm paragraphs 1 through 37 of their Complaint as though fully restated and reincorporated herein.

39. During Plaintiffs' employment with Defendant Seiple, Defendant instituted an employee welfare benefit plan (hereinafter "Plan") providing group health insurance to employees and retirees.

40. Employees and retirees participating in the Plan (hereinafter "plan participants") were required to contribute a portion of the premiums required to sustain coverage on a monthly basis. Defendant paid the balance of the monthly premium.

41. The premiums were paid in advance of the coverage month.

42. Simultaneous with the physical locking of the plant on August 3, 2006, Plan Participants were informed that the group health plan would be terminated by the Defendant as of August 11, 2006 even though they had paid premiums for health insurance coverage until August 31, 2006.

43. Defendant prematurely terminated the Plan, denying employees and retirees entitlement to benefits for the full extent of the monthly coverage period.

6

44. Plan Participants were denied access to promised health insurance benefits, including prescription drug coverage and medical procedures that had been previously scheduled.

45. The company failed to reimburse those portion of the premiums paid for by the Plan Participants to obtain health insurance coverage.

46. Plan Participants had no opportunity to exhaust their remedies and appeals pursuant to the Plan due to the termination of the Plan on August 11, 2006.

47. Plan Participants have incurred attorney fees in trying to enforce their rights to benefits pursuant to the Plan.

48. Pursuant to the terms and conditions of the Plan, Defendant Seiple had a duty to provide benefits to Plan Participants up to August 31, 2006.

49. As a direct and proximate result of Defendant Seiple's actions, Defendant is liable to Plan Participants for all group health benefits up to August 31, 2006 and for attorney fees pursuant to 29 U.S.C. Section 1132(g)(1), interest, and costs of this action.

## COUNT THREE – ERISA BREACH OF FIDUCIARY DUTY

50. Plaintiffs reallege and reaffirm paragraphs 1 through 49 of their Complaint as though fully restated and reincorporated herein.

51. Defendant Mark Schumacher, by and through his role as president of Defendant Seiple, was the fiduciary of said Plan as set forth in 29 U.S.C. Section 1002(21)(A).

52. Pursuant to 29 U.S.C. Section 1004(a)(1), Defendant Schumacher had a duty to act with respect to the Plan solely in the interest of the participants and beneficiaries.

53. Plaintiff Employees had paid premiums for health insurance coverage under the Plan through August 31, 2006.

54. In breach of said fiduciary duty, Defendant Mark Schumacher accepted Plaintiff Employees' payments for the premiums of said Plan, terminated coverage of said Plan, and wrongfully retained Plaintiff Employees' payments.

55. As a direct and proximate result of Defendant Mark Schumacher's actions, Defendants are liable to Plaintiff Employees for all group health benefits up to August 31, 2006, and for attorney fees pursuant to 29 U.S.C. Section 1132(g)(1), interest, and costs of this action.

### COUNT FOUR – ERISA ENFORCEMENT ACTION

56. Plaintiffs reallege and reaffirm paragraphs 1 though 55 of their Complaint as though fully restated and reincorporated herein.

57. On or about February 27, 2001, Defendants offered Plaintiff Employees an Early Retirement Proposal (hereinafter referred to as "2001 Proposal"), whereby Plaintiff Employees were promised medical insurance as if still employed by Defendant Seiple until the age of 65 in exchange for said Plaintiffs retiring early. **Exhibit 1**. The 2001 Proposal further provided that once said employees reach the age of 65, they would be entitled to the same medical benefits for all employees retiring at that age, consisting of supplemental insurance.

58. On or about November 10, 2003, Defendant offered employees a second Early Retirement Proposal (hereinafter referred to as "2003 Proposal"), whereby employees were promised medical insurance as if still employed by Defendant Seiple until the age of 65 in exchange for Plaintiffs retiring early. **Exhibit 2**. The 2003 Proposal further provided that once said employees reached the age of 65, they would be entitled to the same medical benefits for all employees retiring at that age, consisting of supplemental insurance.

59. Moreover, said benefits were promised to said retiree Plaintiffs until each reached the age of 65, as set forth as a condition in both the 2001 and 2003 Early Retirement Proposals.

Tzangas Plakas Mannos & Raies ♦ Canton and Akron, Ohio
Attorneys and Counselors at Law

60. Pursuant to the terms and conditions of the Plan and the 2001 and 2003 Proposals, Defendants had a duty to provide health benefits to Plaintiffs until each one reached the age of 65.

61. As a direct and proximate result of Defendants' actions, Defendants are liable to Plaintiffs for all group health benefits to age 65 and for attorney fees pursuant to 29 U.S.C. Section 1132(g)(1), interest, and costs of this action.

### COUNT FIVE – PIERCING THE CORPORATE VEIL OF DEFENDANT SEIPLE

62. Plaintiffs reallege and reaffirm paragraphs 1 through 61 of their Complaint as through fully restated and incorporated herein.

63. Defendants Mark Schumacher and Cy Schumacher are officers, directors, shareholders, and/or incorporators of Defendant Seiple.

64. Defendants Mark Schumacher and Cy Schumacher fraudulently, improperly, and contrary to the intent and purposes of Ohio corporation law, exercised dominion and control over Defendant Seiple for their own personal benefit, by intermingling corporate assets and income earned by Defendant Seiple in such a way as to defraud creditors including, but not limited to, Plaintiffs.

65. Justice and equity require that the corporate entities be disregarded as Defendants Mark Schumacher and Cy Schumacher have exercised such dominion and control over Defendant Seiple that Seiple no longer has a separate and distinct existence, and has been acting as the alter ego of Defendants Mark Schumacher and Cy Schumacher so that failure to disregard the corporate entity would produce unjust and inequitable results.

66. By disregarding the corporate entity of the Defendant Seiple, Defendants Mark Schumacher and Cy Schumacher shall stand in place of Defendant Seiple and will be personally liable for its obligations.

Tzangas Plakas Mannos & Raies ◆ Canton and Akron, Ohio
Attorneys and Counselors at Law

67. Further, the officers and directors of the Defendant Seiple have a duty to carry out the obligations of said corporation. In breach of these duties, Defendants Mark Schumacher and Cy Schumacher have operated said corporation in the manner set forth above so as to defraud creditors such as the Plaintiffs herein, and therefore Defendants Mark Schumacher and Cy Schumacher are personally liable for the obligations of the Defendant Seiple.

68. Said operation of the Defendant Seiple is such as to require judicial disregard and piercing the corporate entity and veil, thus making the Defendants Mark Schumacher and Cy Schumacher personally and legally liable for the actions of Seiple. Unless Defendants Mark Schumacher and Cy Schumacher are made jointly and severally liable for the obligations of Defendant Seiple, Plaintiffs will be unable to collect any judgment rendered in their favor in this matter.

**WHEREFORE**, Plaintiff Employees pray for judgment against the Defendant Seiple Lithograph Co. for compensatory damages an amount which includes the amount of 60 days back pay for each Plaintiff, as well as judgment against Defendant Seiple enforcing the benefit provisions of the plan up to and including August 31, 2006, and for Plaintiffs who participated in the 2001 or 2003 Early Retirement Proposals, judgment against Defendants enforcing the benefit provisions of the plan until each Plaintiff reaches the age of 65, and for an order disregarding and piercing the corporate entity and veil of Defendant Seiple thus making Defendants Mark Schumacher and Cy Schumacher transferring company property or proceeds from the sale of company property during the pendency of this action. The Plaintiffs also pray that this Court award the attorney fees incurred in this action, costs of this action, plus interest, as well as any further relief which this Court deems just and equitable.

Respectfully Submitted,

**TZANGAS, PLAKAS, MANNOS & RAIES**

/s/ Beth A. Raies, Esq.
Lee E. Plakas (0008628)
Beth A. Raies (0037001)
Amanda M. Paar (0080416)
220 Market Ave. South 8th Floor
Canton, Ohio 44702
Phone: (330) 455-6112
Facsimile: (330) 455-2108
E-mail: lplakas@lawlion; braies@lawlion.com; apaar@lawlion.com
*Attorneys for Plaintiffs*

## JURY DEMAND

The Plaintiffs hereby demand a jury trial on all issues and matters stated herein.

/s/ Beth A. Raies, Esq.
Beth A. Raies
*Attorney for Plaintiffs*

## INSTRUCTIONS TO CLERK:

Please issue service of summons and a copy of the complaint upon Defendants by certified mail, return receipt requested, at the address listed in the case caption set forth

/s/ Beth A. Raies, Esq.
Beth A. Raies
*Attorney for Plaintiffs*

Tzangas Plakas Mannos & Raies
Attorneys and Counselors at Law ♦ Canton and Akron, Ohio